UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CHRISTOPHER ROULE,

                Plaintiff,                Case No. 10-CV-5009 (BSJ)

     v.

KEITH TOWNSEND MITCHELL and KETOMI      ECF Case
COMPANY,

                Defendants.
------------------------------------------------------------------------x

# REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(B)(6) AND 12(B)(1)

POHL LLP
David M. Pohl (DP-8609)
275 Madison Avenue, 14th Floor
New York, New York 10016
(212) 202-1614
(646) 924-3100 (fax)
david.pohl@pohllaw.com

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

I.     THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE
DISMISSED UNDER RULE 12(B)(6) ................................................................................ 2

     A.     The Amended Complaint Alleges a Joint Authorship Agreement ..................... 2

     B.     The Amended Complaint Fails to Allege that the So-Called
"Roule Designs" are "Independent Jewelry Designs" or
"Other Business Endeavors" ................................................................................. 3

          1.     The Opposition Fails to Identify Inferences that Explain How
or Why the Business Sold the So-Called "Roule Designs" ....................... 4

          2.     No Inference that the "Roule Designs" are "Independent
Jewelry Designs" Can Reasonably be Drawn From
Conclusory Allegations that they were "Authored
Solely By Plaintiff" ..................................................................................... 5

          3.     The So-Called "Roule Designs" were Created "In Reliance
on the Agreement" and are Within its Scope ............................................. 5

          4.     The Certificates of Registration are not Pertinent to
Defendants' Affirmative Defense ............................................................... 7

     C.     The Infringement Claim Should be Dismissed Because it
is Not Plausible ....................................................................................................... 7

II.     THE CLAIM FOR A DECLARATION OF SOLE OWNERSHIP OF
COPYRIGHTS SHOULD BE DISMISSED UNDER RULE 12(B)(1) ...................... 7

III.     LEAVE TO AMEND SHOULD BE DENIED ......................................................... 10

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Andrews v. Metro-North Commuter R.R. Co.*, 882 F.2d 705
(2d Cir. 1989)..................................................................................................................10

*Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009).............................................................7

*Barnhart v. Federated Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 3631
(S.D.N.Y. Mar. 5, 2005) ..................................................................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................7

*DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497
(S.D.N.Y. 2001) .............................................................................................................8, 9

*Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*,
2010 U.S. Dist. LEXIS 94500 (S.D.N.Y. Sept. 10, 2010)...........................................9-10

*Gillespie v. Ast Sportswear*, 2001 U.S. Dist. LEXIS 1997
(S.D.N.Y. Feb. 22, 2001) ...................................................................................................7

*Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085 (2d Cir. 1995) ............................................1

*Jasper v. Bovina Music*, 314 F.3d 42 (2d Cir. 2002).........................................................7, 9

*Jerry Vogel Music Co. v. Forster Music Publisher, Inc.*, 147 F.2d 614
(2d Cir. 1945)......................................................................................................................7

*Pauline v. Loose*, 2010 U.S. Dist. LEXIS 82129 (D. Ariz. July 20, 2010) ............................8

*Peay v. Morton*, 571 F. Supp. 108 (M.D. Tenn. 1983).........................................................8

*Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007) ..................................................9

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)..............................................8

*T. B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964).......................................................7

**STATUTES**

28 U.S.C. § 1338(a) ...............................................................................................................8

## "General, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint."

- *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995)

**PRELIMINARY STATEMENT**

In the Moving Brief, Defendants analyze the Amended Complaint's specific allegations and demonstrate that the only inferences reasonably drawn therefrom are that (i) the so-called "Roule Designs" are not "independent jewelry designs" or "other business endeavors," as they must be to fall beyond the scope of the parties' joint authorship Agreement and (ii), to the contrary, these designs were intentionally created pursuant to and within the scope of the joint authorship Agreement. *See* Moving Brief ("MB"), § III.A. These specific allegations and reasonable inferences directly contradict Plaintiff's general, conclusory allegations of infringement and sole ownership. Thus, the Amended Complaint's well-pleaded allegations allege that Mitchell is joint author of the so-called "Roule Designs" and, as a matter of law, cannot be liable for infringement to his co-author.

Plaintiff argues that Defendants' "inferences . . . should be ignored for purposes of determining whether this action should be dismissed." Opposition Brief ("Opp.") at 9. Yet he fails to identify any competing inferences reasonably drawn from the specific allegations analyzed in the Moving Brief, refusing to engage in any meaningful analysis of them. In fact, he rests his case on the Amended Complaint's general, conclusory allegations which they contradict. His failure to resolve the Amended Complaint's contradictions is fatal to his claims.

Plaintiff's minimal attempts to resolve these contradictions and inconsistencies do not, themselves, make sense. He argues – *but does not allege* – that the "Roule Designs" were "independent jewelry designs" that he "contributed" to the Business, Opp. at 22-23, "and intended . . . would become subject to the Agreement only if and when Defendants brought themselves into compliance with its terms as to Joint Designs," Opp. at 7. That he "intended' his

"independent" designs to become governed by the Agreement which, as per an express term thereof, is *not applicable to "independent jewelry designs"* is completely illogical.

The Opposition attempts misdirection.  **First**, it argues "Defendants fail to understand [that] the Agreement . . . applies only to Joint Designs," not independent designs.  Opp. at 2.  This is nonsense.  *See, e.g.,* MB, §§ II.A., III.A.1.  The central dispute here is not whether the Agreement covers "independent" designs – it does not.  (AC, ¶ 12(b))  It is whether the so-called "Roule Designs" are alleged to be "independent jewelry designs" or "other business endeavors."  They are not.  MB, § III.A.1.  **Second**, Plaintiff argues against the affirmative defense of implied license.  Opp. at 19-22. Yet Defendants demonstrate the affirmative defense of *joint authorship*, clear on the face of the Amended Complaint. MB, § III.A.  **Third**, he suggests Defendants argue that no "actual controversy" exists supporting the claim for declaratory relief.  Opp. at 16-17.  Yet, the Moving Brief demonstrates that, precisely *because* the controversy is a title dispute regarding ownership of the "Roule Designs," the Court lacks subject matter jurisdiction under 46 years of jurisprudence.  MB, § IV.A.  Plaintiff's efforts to confuse the issues should be rejected.[1]

**I.  THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

    **A.  <u>The Amended Complaint Alleges a Joint Authorship Agreement</u>**

Plaintiff argues that "[t]he Agreement was not a 'Joint Authorship Agreement'" because it "merely provided that any jewelry jointly designed by Plaintiff and Mitchell would be *co-owned* by them."  Opp. at 4 (emphasis added).  Yet, the Amended Complaint alleges that:

> Plaintiff and Mitchell would collaborate in designing jewelry and be *co-authors* of the designs that they created jointly.

(AC, ¶ 12(a) (emphasis added))  Plaintiff attempts via his Opposition to substitute the word "co-owners" for "co-authors" in ¶ 12(a) to wipe out Defendants' affirmative defense of joint authorship – clear on the face of the Amended Complaint.  This attempt must be rejected.

---

[1]    To avoid further confusion, this Reply uses Plaintiff's conclusory label "Roule Designs" to describe the designs in dispute. The Moving Brief used "Disputed Designs."

In any event, Plaintiff in his Opposition states point-blank that "[t]he Amended Complaint pleads that Plaintiff and Mitchell entered into an Agreement governing only Joint Designs." Opp. at 9. Joint Designs are those on which Plaintiff and Mitchell "collaborate[d]" or which they "created jointly." (*See* AC, ¶ 12(a); *see also* AC, ¶ 2 (defining "Joint Designs" as "jewelry to which both Plaintiff and [Mitchell] contributed design elements"))

In sum, the Amended Complaint alleges a joint authorship Agreement and that only "independent jewelry designs" or "other business endeavors" are beyond its scope. As Defendants demonstrate, the Amended Complaint fails to allege that the "Roule Designs" are "independent jewelry designs" or "other business endeavors." MB, § III.A.1 & 2.

### B. The Amended Complaint Fails to Allege that the So-Called "Roule Designs" are "Independent Jewelry Designs" or "Other Business Endeavors"

The Amended Complaint does not plead – either directly or by inference – that the so-called "Roule Designs" are "independent jewelry designs" or "other business endeavors," as they must be to fall beyond the scope of the joint authorship Agreement. *See* MB, §§ III.A.1 & 2.

Plaintiff argues that "[t]he Amended Complaint did not need to plead anything of the sort because it plainly alleges that the Roule Designs were not part of the Agreement. The Roule Designs were, therefore, obviously 'independent jewelry designs' or 'other business endeavors.'" Opp. at 10.[2] The Amended Complaint contains no well-pleaded allegations supporting this "obvious" proposition. *See* MB, § III.A.1 & 2.

Notwithstanding how many times the Opposition argues that the "Roule Designs" were "independent" of the Business, *see* Opp. at 2, 7, 9, 10, 14, 23, the Amended Complaint does not contain a *single* allegation describing them as "independent."

Plaintiff relies on his general, conclusory allegations of "sole authorship" to provide the basis on which this Court should infer that the so-called "Roule Designs" were "independent

---

[2] Plaintiff cites Paragraph 12 of the Amended Complaint for this statement, yet this paragraph does not even mention "Roule Designs."

3

jewelry designs" or "other business endeavors." These general allegations are directly contradicted by the more specific, well-pleaded allegations. *See* MB, §§ III.A.1. & 2.

### 1. The Opposition Fails to Identify Inferences that Explain How or Why the Business Sold the So-Called "Roule Designs"

The Moving Brief challenged Plaintiff to explain how, if the so-called "Roule Designs" were his "independent jewelry designs" or "other business endeavors," Defendants had access to and control of them for years and sold them at Bergdorf Goodman. *See* MB at 10-11.

Plaintiff offers the following nonsensical explanation: he "contribute[d]" the so-called "Roule Designs" to the Business, Opp. at 22, "and intended that the Roule Designs would become subject to the Agreement only if and when Defendants brought themselves into compliance with its terms as to Joint Designs," Opp. at 7. However, as Plaintiff himself recognizes, "the Agreement expressly [ap]plies only to ***Joint*** Designs, not ***Roule*** Designs." Opp. at 21 (emphasis in original). Indeed, Plaintiff now argues that he "intended" his "independent jewelry designs," Opp. at 22-23, to become subject to an agreement that expressly does not apply to "independent jewelry designs." (AC, ¶ 12(b))  This does not make any sense. In any event, the Amended Complaint contains no allegations regarding Plaintiff's "intent."[3]

Plaintiff fails to address Defendants' argument that the Amended Complaint alleges that the Business's "operations" were used to create the so-called "Roule Designs" and, therefore, they ipso facto cannot be "independent jewelry designs" or "other business endeavors." *See* MB at 10-11. Besides, Plaintiff admits Defendants' "*manufacture*" of "Roule Designs."[4] (AC, ¶ 36).

---

[3]   Further revealing the confused nature of Plaintiff's claims is that, although he argues in his Opposition that "Roule Designs . . . are the subject of Plaintiff's infringement claim," Opp. at 21, Count I of the Amended Complaint (infringement) seeks damages for sales of Joint Designs as well. (*See* AC, ¶ 41)  *See* MB at 17, n.14.

[4]   Defendants' purpose in demonstrating that the Business's operations were used to create the so-called "Roule Designs" is merely to demonstrate that they cannot be "independent jewelry designs" and "other business endeavors" and therefore outside the scope of the

### 2. No Inference that the "Roule Designs" are "Independent Jewelry Designs" Can Reasonably be Drawn From Conclusory Allegations that they were "Authored Solely by Plaintiff"

Plaintiff argues the Amended Complaint does not allege that Cage Designs "authored solely by Plaintiff" are the subject of the breach-of-contract claim since, he argues, it seeks damages only in connection with "sales of *Joint Design jewelry*." Opp. at 10 (emphasis in Opp.). Plaintiff is wrong. "Joint Designs" includes "the Cage Pieces and the Joint Design Shaker Pieces." (AC, ¶ 34) "Cage Pieces" includes "[p]ieces authored solely by Plaintiff, along with other pieces authored in collaboration with Mitchell." (AC, ¶ 16).[5] Moreover, if Cage Pieces allegedly "authored solely by Plaintiff" are not Joint Designs, they must be "Roule Designs." However, "Roule Designs" is defined as "*Shaker* Designs . . . created solely by Plaintiff." (AC, ¶ 25 (emphasis added)) Plaintiff offers no coherent explanation of allegations that some designs "authored solely by Plaintiff" are subject to the Agreement. *See* MB at 11.

### 3. The So-Called "Roule Designs" were Created "In Reliance on the Agreement" and are Within its Scope

In opposition to Section III.A.2 of the Moving Brief, Plaintiff argues:

> Of course, Plaintiff continued to contribute designs "in reliance on the Agreement"; one would not expect to continue to contribute intellectual property to a business without compensation. There is no basis to conclude that by relying on the Agreement in this regard, "the Business" was the creator of the Roule Designs.

Opp. at 22. This argument must be rejected. *First*, Plaintiff attempts a slight-of-hand by arguing that, in 2008, he "*provided*" or "*contribute[d]*" the Roule Designs to the Business "[i]n reliance on the Agreement." *See* Opp. at 22 (emphasis added). The Amended Complaint alleges that, in

---

Agreement. The Amended Complaint clearly alleges that authorship of Joint Designs vests in Mitchell and Roule together as joint authors – not in the Business.

[5] Thus, the Amended Complaint simply does not allege that "[o]nly the Cage Pieces that were designed by both Plaintiff and Mitchell are considered Joint Designs." Opp. at 5. For this proposition, Plaintiff cites Paragraphs 2 and 12(a) of the Amended Complaint. These paragraphs simply allege that designs created jointly are Joint Designs.

2008, he "*create[d]*" the Roule Designs "[i]n reliance on the Agreement." (AC, ¶ 23 (emphasis added)) The allegation that the so-called "Roule Designs" were "*create[d]*" pursuant to the joint authorship Agreement provides a strong inference that they were *joint creations*, i.e., co-authored designs, under the Agreement. The Opposition attempts to replace the word "create[d]" in ¶ 23 of the Amended Complaint with "provided" or "contributed," so as to imply that the "Roule Designs" were created in some other, presumably, "independent" context. **Second**, the alleged Agreement provided no mechanism whereby either party would receive compensation for "contributing" designs to the Business. (*See* AC, ¶ 12) **Third**, Plaintiff's attempt to identify a competing inference reasonably drawn from ¶ 23 is incoherent. It is a mystery why, if the "Roule Designs" were created "independent" of the Business, Plaintiff would rely on the Agreement that expressly does not apply to "independent jewelry designs." *See above*, p. 4.

Plaintiff's response to Defendants' analysis of the allegation at ¶ 28 is a single sentence:

> That Plaintiff focused his efforts entirely on his "independent jewelry business" in January 2010, after Defendants had long ago repudiated the Agreement, is no basis to infer that Plaintiff's individual independent jewelry designs were created by Defendants' business.

Opp. at 22-23. **First**, to the extent Plaintiff implies that during the term of the Agreement he engaged in "independent" endeavors, the Amended Complaint contains no such allegation. **Second**, the allegation that, in 2008, Plaintiff's "creative efforts" were directed toward the Business and not any "independent jewelry business" (AC, ¶ 28) is a powerful allegation from which the only inference reasonably drawn is that the "Roule Designs" – created in 2008 (AC, ¶ 23) – were *not* Plaintiff's "independent jewelry designs" or "other business endeavors." MB at 12-13. The Opposition fails to identify any competing inference reasonably drawn from ¶ 28.[6]

---

[6]   The Agreement was allegedly terminated in December 2009 (AC, ¶ 33) – hardly "long ago" as of January 2010. *See* Opp. at 22.

6

    **4.**  **The Certificates of Registration are not Pertinent to Defendants' Affirmative Defense**

That Plaintiff wrongfully registered himself as the sole author of the so-called "Roule Designs" with the Copyright Office in April 2010, *see* MB at 6, cannot prop up his contradictory and implausible infringement claim. While the certificates of registration may be prima facie evidence of elements of the infringement claim, Opp. at 19, Defendants assert an affirmative defense and thus do not rely on any inadequacy regarding Plaintiff's prima facie case. "[O]nce a party produces the copyright certificate, its opponent bears the burden of establishing the affirmative defense of joint authorship." *Gillespie v. Ast Sportswear*, 2001 U.S. Dist. LEXIS 1997, *14 n.2 (S.D.N.Y. Feb. 22, 2001), citing *Jerry Vogel Music Co. v. Forster Music Publisher, Inc*., 147 F.2d 614, 615 (2d Cir. 1945). The well-pleaded allegations, if true, would establish the affirmative defense of joint authorship. Dismissal is therefore appropriate.

    **C.**  **The Infringement Claim Should Be Dismissed Because it is Not Plausible**

The infringement claim should be dismissed because it is not "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and fails any test of "common sense," *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009). *See* MB, § III.B. Plaintiff makes little attempt to oppose this independent ground for dismissal. He makes no attempt at all to refute Defendants' demonstration that the entire Amended Complaint relies on the implausible and absurd business arrangement described at pages 16-17 of the Moving Brief.

**II.** **THE CLAIM FOR A DECLARATION OF SOLE OWNERSHIP OF COPYRIGHTS SHOULD BE DISMISSED UNDER RULE 12(B)(1)**

Citing 46 years of cases rooted in *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 826 (2d Cir. 1964), Defendants rely on the well-established rule that "if the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue" and does not arise under the Copyright Act. *Jasper v. Bovina Music*, 314 F.3d 42, 46 (2d Cir. 2002); *see also* MB at 18-24. Plaintiff does not attempt

to distinguish a single case in this long line of jurisprudence.

Incredibly, he repeats that the dispute between the parties is a mere "controversy over ownership." Opp. at 16; *see also id*. at 17 ("Defendants dispute ownership"). Then, as if *T.B. Harms* and its progeny never existed, he concludes that "this Court is the ***only*** forum that can determine ownership of the copyrights to the Roule Designs." Opp. at 18 (emphasis in original).

Plaintiff essentially argues that the federal grant of "exclusive" jurisdiction extends to every dispute *involving* copyrights. Opp. at 1. It extends to any "civil action *arising under*" the Copyright Act. *See* 28 U.S.C. § 1338(a) (emphasis added). Cases that involve copyright issues yet do not arise under the Copyright Act, such as this one, are adjudicable in state court. *See* MB, § IV.A.2. & 4.; *Pauline v. Loose*, 2010 U.S. Dist. LEXIS 82129, *4 (D. Ariz. July 20, 2010) ("Although federal courts have exclusive jurisdiction over actions that arise under federal copyright law, the fact that an action involves a copyright issue alone does not satisfy federal jurisdictional requirements.").

That Defendants will allegedly assert a work-for-hire defense is not sufficient to state a claim arising under the Copyright Act. *See* MB, § IV.A.3 (which Plaintiff ignores). *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673-674 (1950) (Federal courts do not have jurisdiction under the Declaratory Judgment Act "merely because . . . artful pleading anticipates a defense based on federal law."). Indeed,

> The appropriate state courts, to whom Congress left a considerable residue of power to pass on copyright questions, including questions arising in contract and title disputes, are competent and have the power to pass upon any questions that may arise in resolving this litigation.

*Peay v. Morton*, 571 F. Supp. 108, 117 (M.D. Tenn. 1983) (quotation omitted).

The cases on which Plaintiff relies are inapposite. *DeCarlo v. Archie Comic Publ'ns, Inc*. concerned whether copyright claims arose under the Copyright Act or state *common law*. 127 F. Supp. 2d 497 (S.D.N.Y. 2001). There was no contention that plaintiff's claim arose from

8

*contract*. In *DeCarlo*, plaintiff's unpublished sketches were created in the 1960s and thus were subject to the 1909 Copyright Act, under which protection of them "was left to state law." *Id*. at 504. "[T]he 1976 [Copyright] Act extinguished all common law copyright in unpublished work" and "transformed" DeCarlo's common law copyrights "into federally protected copyrights." *Id*. Thus, his claim clearly arose under the Copyright Act. *Id*. at 505. Unlike in *DeCarlo*, the question here is whether this "dispute as to ownership of a copyright . . . turns on the interpretation *of a contract*." *Jasper*, 314 F.3d at 46 (emphasis added). Unlike in *DeCarlo*, Plaintiff and Mitchell have a joint authorship Agreement, construction of which will conclusively determine ownership of the so-called "Roule Designs." *See* MB at 19-20.

Moreover, *DeCarlo* is admittedly silent as to whether the work-for hire issues were raised in DeCarlo's statement of *his own claim* or, as in the instant case, alleged as anticipated defenses. *See DeCarlo,* 127 F. Supp. 2d. at 507 n. 53 (Plaintiff "has refused to make any arguments applicable to the copyright issues in this case."). In any event, *DeCarlo* did not rely on the work-for-hire aspect for jurisdiction because (i) it was clear that the 1976 Copyright Act "transformed" DeCarlo's common law copyrights "into federally protected copyrights," *id*. at 504, and (ii) his claim required construction of "other relevant sections" of the Copyright Act, *id*. at 505.

Plaintiff also misplaces reliance on *Phillips v. Audio Active, Ltd*., a case in which the Second Circuit interpreted the phrase "arise out of" in a contractual forum selection clause – not "arising under" from 28 U.S.C. § 1338(a). 494 F.3d 378, 386 (2d Cir. 2007). There was no question that Plaintiff's copyright claim did, in fact, "aris[e] under" the Copyright Act. *Id*. at 387-388. The question presented was whether, at the same time, "Phillips' copyright claims *arise out of* the recording contract?" *Id*. at 387 (emphasis in original). *Phillips* does not, as Plaintiff seems to suggest, stand for the proposition that a party to a contract governing copyright ownership can simply elect, if convenient, to rely on the Copyright Act and disregard contractual obligations. Plaintiff's other cases have no application here. *Fifty-Six Hope Rd. Music Ltd. v.*

*UMG Recordings, Inc.*, 2010 U.S. Dist. LEXIS 94500 (S.D.N.Y. Sept. 10, 2010) does not discuss subject matter jurisdiction. In *Barnhart v. Federated Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 3631, *13 (S.D.N.Y. Mar. 5, 2005), the work-for-hire issues were presented in plaintiff's statement of his fraud claim – not in anticipated defenses.

For reasons demonstrated in the Moving Brief, § IV.A., Plaintiff's claim for a declaration should be dismissed.

### III.  LEAVE TO AMEND SHOULD BE DENIED

The Amended Complaint is an admission that the so-called "Roule Designs" are co-authored, Joint Designs under the parties' joint authorship Agreement. "[T]he amendment of a pleading does not make it any the less an admission of the party." *Andrews v. Metro-North Commuter R.R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989). Plaintiff makes no effort to demonstrate that he could replead his copyright claims without contravening the admissions in his Complaint and Amended Complaint which foreclose his copyright claims. *See* MB, § VI. Roule should not be given a third chance to use the Copyright Act to subvert the parties' contractual agreement.

The Amended Complaint should be dismissed in its entirety and with prejudice.

Dated:  New York, New York
        October 26, 2010

POHL LLP

By: _____
David M. Pohl (DP-8609)

275 Madison Avenue, 14th Floor
New York, New York 10016
(212) 202-1614
david.pohl@pohllaw.com

*Attorneys for Defendants Keith Townsend Mitchell and Ketomi Company*