```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
CHRISTOPHER ROULE,                  :
                                    :
              Plaintiff,            :
                                    :       10 Cv. 5009 (BSJ)
         v.                         :
                                    :       Order
KEITH TOWNSEND MITCHELL and         :
KETOMI COMPANY,                     :
                                    :
              Defendants.           :
------------------------------------x
```

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

    Plaintiff Christopher Roule ("Plaintiff") brings this lawsuit against Keith Townsend Mitchell ("Mitchell") and Ketomi Company (collectively, the "Defendants") for copyright infringement, declaratory judgment, breach of contract, accounting, and violation of right of publicity. Plaintiff and Defendants entered into an agreement to sell jewelry, and Plaintiff claims Defendants refused to pay amounts owed and infringed on Plaintiff's copyrighted jewelry designs. Before the Court is Defendants' September 28, 2010 Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is DENIED.

    The elements of a copyright infringement claim are: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v.

1

Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To plead these elements sufficiently under Rule 8(a), a complaint must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) "by what acts during what time" the defendant infringed the copyright. Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y.1992) (citations omitted). A plaintiff's filing of a certificate of registration creates a rebuttable presumption of the validity of a copyright and of the facts contained in the ownership certificate. See Hi-Tech Video Productions, Inc. v. Capital Cities/ABC, Inc., 58 F.3d 1093, 1095 (6th Cir. 1995)95; see also 17 U.S.C. § 410(c). A defendant may rebut this presumption, but he or she bears the burden of doing so as the party challenging the copyright. See Hi-Tech Video, 58 F.3d at 1095.

    Plaintiff has adequately alleged facts that state a claim for copyright infringement. Specifically, Plaintiff alleges that he designed the Roule Designs himself, without any input or assistance from Defendants. Am. Compl. ¶ 25. Further, Plaintiff alleges that the Agreement only provided for co-authorship of designs on which Plaintiff and Mitchell collaborated to create jointly. Am. Compl. ¶ 12(a). Finally, Plaintiff alleges that Defendants sold the Roule Designs without

permission. Am. Compl. ¶ 34. Plaintiff also alleges that he registered the copyright to the Roule Designs in his own name. Am. Compl. ¶ 29. Plaintiff therefore adequately alleges that he owns a valid copyright in the Roule Designs and that Defendants copied those works.

Accordingly, all of Defendants' arguments for dismissal are without merit, and Defendants' Motion to Dismiss is DENIED.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          July 20, 2011