DEBEVOISE & PLIMPTON LLP
Michael R. Potenza
Megan K. Bannigan
919 Third Avenue
New York, New York 10022
(212) 909-7497
(212) 909-6836 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
CHRISTOPHER ROULE, :
                Plaintiff, :
:
                v. :
    Civ. 10-cv-5009 (BSJ)
KEITH TOWNSEND MITCHELL and KETOMI :
COMPANY,
: **ANSWER TO COUNTERCLAIMS**
                Defendants. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff Christopher Roule ("Plaintiff"), by his attorneys, Debevoise & Plimpton LLP, for his complaint against Defendants Keith Townsend Mitchell and Ketomi Company (collectively, "Defendants") respectfully responds and alleges as follows:

### FIRST COUNTERCLAIM

### (Breach of Contract)

      1.     Denies the allegations contained in paragraph 80 of the Counterclaims, except admits that Plaintiff and Mitchell entered into an oral agreement to collaborate in designing jewelry. Plaintiff further states that the terms of the agreement were as set forth in paragraph 12 of the Amended Complaint.

      2.     Denies the allegations contained in paragraph 81 of the Counterclaims.

3. Denies the allegations contained in paragraph 82 of the Counterclaims. Plaintiff further states that the terms of the agreement were as set forth in paragraph 12 of the Amended Complaint.

4. Denies the allegations contained in paragraph 83 of the Counterclaims, except admits that after February 2007 certain jewelry was marketed under the name of Mitchell-Roule.

5. Denies, upon information and belief, the allegations contained in paragraph 84 of the Counterclaims. Responding further to allegations in paragraph 84, Plaintiff states that Plaintiff and Mitchell signed an affidavit, filed with the United States Copyright Office, stating that Plaintiff and Mitchell were joint authors of certain of the jewelry they jointly designed. Plaintiff further states that the terms of the agreement were as set forth in paragraph 12 of the Amended Complaint.

6. Denies the allegations contained in paragraph 85 of the Counterclaims as they constitute legal conclusions as to which no responsive pleading is necessary. Denies, to the extent necessary, the allegations in paragraph 85.

7. Denies the allegations contained in paragraph 86 of the Counterclaims. Plaintiff further states that the terms of the agreement were as set forth in paragraph 12 of the Amended Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Counterclaims. Denies the allegations contained in paragraph 87 that proceeds have been paid to Plaintiff as "advance" payments. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 regarding what Defendants have done with the proceeds received from the Mitchell-Roule venture.

9. Denies the allegations contained in paragraph 88 of the Counterclaims.

10. Denies the allegations contained in paragraph 89 of the Counterclaims.

11. Denies the allegations contained in paragraph 90 of the Counterclaims.

12. Denies the allegations contained in paragraph 91 of the Counterclaims except admits that Plaintiff received 18 checks from Defendants.

13. Admits that the allegations contained in paragraph 92 of the Counterclaims to the extent that Plaintiff received and deposited checks in the amount of $33,664, but denies all other allegations contained in paragraph 92.

14. Denies the allegations contained in paragraph 93 of the Counterclaims..

15. Denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 94 of the Counterclaims.  Admits the allegations in paragraph 94 that Plaintiffs filed a lawsuit demanding that Defendants pay Plaintiff additional funds, but denies that Plaintiff ever received any payments from Defendant categorized as an "advance."

16. Denies the allegations contained in paragraph 95 of the Counterclaims as they constitute legal conclusions as to which no responsive pleading is necessary.  Denies, to the extent necessary, the allegations in paragraph 95.

17. Denies the allegations contained in paragraph 96 of the Counterclaims, or that Ketomi suffered any cognizable damages.

18. Denies the allegations contained in paragraph 97 of the Counterclaims.  Plaintiff further states that the terms of the agreement were as set forth in paragraph 12 of the Amended Complaint.

## SECOND COUNTERCLAIM

### (Unjust Enrichment)

19. Denies the allegations contains paragraph 98 of the Counterclaims, except admits that Plaintiff has received $33,664 from Defendants.

20. Denies the allegations contained in paragraph 99 of the Counterclaims.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 100 of the Counterclaims regarding Ketomi's understanding and actions. Denies the allegations contained in paragraph 100 that Plaintiff was at all times aware and failed to contest Ketomi's understanding and actions until just before the filing of this suit.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 101 of the Counterclaims, except denies that any losses resulted in any way from Plaintiff's conduct.

23. Denies the allegations contained in of paragraph 102 of the Counterclaims, except admits that Plaintiff has not repaid any sums to Defendants and states that Plaintiff has no obligation to repay any sums to Defendants.

24. Denies the allegations contained in paragraph 103 of the Counterclaims.

## THIRD COUNTERCLAIM

### (Promissory Estoppel)

25. Denies the allegations contained in paragraph 104 of the Counterclaims that Plaintiff made any statement or engaged in any conduct that could reasonably be interpreted as supporting an understanding that all joint works would be considered owned by Ketomi. Denies knowledge or information sufficient to form a belief as to whether or why Ketomi invested "substantial sums" in the design and production of the jewelry.

26. Denies the allegations contained in paragraph 105 of the Counterclaims that Plaintiff made any statement or engaged in any conduct that could reasonably be interpreted as supporting an understanding that Plaintiff and Mitchell would be joint authors of all Mitchell-Roule jewelry. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 105 of the Counterclaims as to whether or why Ketomi invested "substantial sums." Plaintiff further states that paragraph 105 of the Counterclaims does not appear to be a properly pleaded alternative to paragraph 90 of the Counterclaims.

27. Denies the allegations contained in paragraph 106 of the Counterclaims.

28. Denies the allegations contained in paragraph 107 of the Counterclaims that "all jewelry" was designed on a Ketomi-purchased graphics computer, aided by a Ketomi-funded computer design consultant and using Ketomi-purchased CAD software. Admits that Mitchell expended time and effort to design some jewelry to be sold under the name Mitchell-Roule, but denies that Mitchell played a role in the design or production of all jewelry sold under the name of Mitchell-Roule.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 108 of the Counterclaims.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 109 of the Counterclaims regarding whether or why Ketomi would invest capital. Denies, to the extent necessary, the allegations in paragraph 109 of the Counterclaims.

31. Denies the allegations contained in paragraph 110 of the Counterclaims, or that Ketomi has suffered any cognizable damages.

## FOURTH COUNTERCLAIM

### (Tortious Interference with Prospective Business Advantage)

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 111 of the Counterclaims.

33. Denies the allegations contained in paragraph 112 of the Counterclaims.

34. Denies the allegations contained in paragraph 113 of the Counterclaims.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 114 of the Counterclaims, but denies that Ketomi has suffered any cognizable harm.

36. Denies the allegations contained in paragraph 115 of the Counterclaims.

37. Denies the allegations contained in paragraph 116 of the Counterclaims.

38. Denies the allegations contained in paragraph 117 of the Counterclaims.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment)

39. Denies the allegations contained in paragraph 118 of the Counterclaims that Plaintiff and Mitchell jointly authored all of the disputed jewelry designs, but admits that Plaintiff and Mitchell jointly authored certain Cage Designs. Denies that "all such works" are works for hire by Ketomi or joint works. The Cage Designs are defined in paragraph 16 of the Amended Complaint.

40. Denies to the extent that the allegations contained in paragraph 119 constitute legal conclusions as to which no responsive pleading is necessary. Plaintiff further, to the extent necessary, denies the allegations in paragraph 119.

6

41.     Denies the allegations contained in paragraph 120 of the Counterclaims as they constitute legal conclusions as to which no responsive pleading is necessary.  Denies, to the extent necessary, the allegations in paragraph 120.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff specifically denies that Defendants are entitled to the relief requested or to any other relief as to any of the claims set forth in the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

Defendants fail to state a counterclaim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants have committed fraud on the United States Copyright Office, as well as on vendors, buyers and other third parties, by filing fraudulent copyright registrations listing jewelry solely owned and designed by Plaintiff as "work for hire" for Ketomi and holding themselves out as the owner of the designs.

On April 12, 2011, Defendants filed copyright registrations for jewelry designed and owned solely by Plaintiff.  Defendants knowingly made false statements to the Copyright Office by stating that such designs were "work for hire."  Defendants falsely have held themselves out to vendors, buyers and other third parties as owners of these designs.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred, in whole or in part, by the equitable doctrines of laches, acquiescence, estoppel, waiver and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Ketomi is admittedly doing business in the State of New York and has never qualified to do so.  Accordingly, under Section 1312 of the Business Corporation Law,

Defendant Ketomi is barred from maintaining an action against Plaintiff in the State of New York.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff reserves the right to amend this Answer and to assert additional defenses or to supplement, alter or change this Answer upon ascertaining more definite facts during and upon completion of discovery.

Dated: September 29, 2011
       New York, NY

                                        Respectfully submitted,

                                        ___/s/ Megan K. Bannigan

Of Counsel:                        DEBEVOISE & PLIMPTON LLP

Marcus Strock                  Michael R. Potenza (MP 2969)
mhstrock@debevoise.com      Megan K. Bannigan (MB 0530)
                                       919 Third Avenue
                                       New York, New York 10022
                                       (212) 909-7497
                                       (212) 909-6836 (fax)
                                       mpotenza@debevoise.com
                                       mkbannig@debevoise.com

                                       *Attorneys for Plaintiff*