Michael R. Potenza (mpotenza@debevoise.com)
Megan K. Bannigan (mkbannig@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000 (telephone)
(212) 909-6836 (facsimile)

*Attorneys for Plaintiff Christopher Roule*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
CHRISTOPHER ROULE,

          Plaintiff,

   v.

KEITH TOWNSEND MITCHELL and KETOMI
COMPANY,

          Defendants.
------------------------------------x

No. 10-cv-5009 (BSJ) (RLE)

[Proposed] PROTECTIVE ORDER

## STIPULATED PROTECTIVE ORDER

Plaintiff Christopher Roule ("Plaintiff") and Defendants Keith Townsend Mitchell and Ketomi Company ("Defendants") (collectively, the "Parties") hereby agree that in the course of this litigation disclosure may be sought of information which a Party or Non-Party considers to be of a confidential, trade secret, and/or proprietary nature, that there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, and/or proprietary information in this action, and that such information should be used solely in connection with this action. The Parties hereby agree that the following terms shall govern the disclosure and use of confidential, trade secret, and/or proprietary information provided in discovery in this action.

The Court having reviewed this document orders as follows:

**IT IS HEREBY ORDERED** that documents containing confidential information shall be subject to this protective order.

I. **DEFINITIONS.**

The following definitions apply in this protective order:

a. The designation "CONFIDENTIAL" may be applied by a Party or Non-Party to any type of information that it believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential technical, personnel, or related information.

b. "Protected Information" refers to all information which is subject to the designation "CONFIDENTIAL" as described above.

c. "Party" means every party to this action and every director, officer, and agent of every party to this action.

d. "Non-Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

e. "Order" means this Protective Order.

II. **TERMS OF THE PROTECTIVE ORDER.**

1. Plaintiff and Defendants shall have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation, including without limitation answers to interrogatories and any portion of deposition testimony or other testimony by a witness.

2. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the

designated material or by notifying the other party in writing of the material to be considered so designated. An email constitutes a writing.

3. The initial failure of a party to designate a document or item as "CONFIDENTIAL" shall not preclude any party, at a later date, from so designating the documents or testimony and to require such documents or testimony to be treated in accordance with such designation from that time forward. If such documents or items have been previously disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed documents or items, advise such persons of the claim of confidentiality, and have such persons execute the Agreement attached hereto as Exhibit A. Disclosure of the information prior to its designation as confidential is not a violation of this Agreement.

4. Information designated "CONFIDENTIAL" and all information derived therefrom (excluding such information derived lawfully from an independent source), shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, promotional, or any other purpose. Information designated "CONFIDENTIAL" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed or disseminated to <u>anyone,</u> except:

    (a)    the Court, Court personnel and Court reporters;

    (b)    a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

    (c)    any expert engaged by a party for the purpose of assisting in the preparation of this litigation; or

3

      (d)    any person who was involved in the preparation of the document or information; or

      (e)    any other person, entity, or firm with the prior written consent of all parties.

5.    Any party that provides documents or other discovery obtained from the other party in the course of this litigation to any person authorized under Sections 4(b), (c), (d) or (e) will first obtain from such person, prior to any such dissemination, a written statement in the form attached as Exhibit "A" hereto, that such person agrees to be bound by this Confidentiality Agreement. The undersigned counsel shall maintain a list of all such persons along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately provide copies of the written agreements to the requesting party.

6.    Nothing in this Agreement shall preclude any party from challenging a designation of "CONFIDENTIAL" by another party.

      (a)    If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this Agreement, that party must provide at least five days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

      (b)    If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

      (c)    In the event the Court finds that the party challenging the designation or defending the designation before the Court is acting in bad faith, the Court may award reasonable attorneys' fees and costs incurred to the prevailing party in any dispute involving a confidentiality designation.

4

  (d) If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

  (e) If a party challenges a designation of "CONFIDENTIAL" to the Court, the material is to be treated as "CONFIDENTIAL until such time as the Court has ruled on the challenge.

7. Nothing in this Agreement shall preclude any party from seeking from the Court an Order binding third parties to abide by this Agreement.

8. Within sixty days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Confidentiality Agreement, and shall return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or at the designating party's option or in the case of electronic documents, may certify in writing to the designating party that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. All material protected by this Confidentiality Agreement which has been placed in any computer databank, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Confidentiality Agreement shall be destroyed within the same period.

9. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Agreement shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Agreement constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the

terms hereof. This Agreement shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

10. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action.

11. Upon the final resolution of this litigation, the provisions of this Agreement shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Agreement following the final resolution of this litigation.

12. This Agreement is binding on all parties to this action and on all third parties who have been served with a copy of this Agreement, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

**IT IS SO ORDERED.**

Dated: ~~December ___, 2011~~ January 5, 2012
New York, New York

_____
Ronald L. Ellis

United States Magistrate Judge

6

APPROVED AS TO FORM AND CONTENT:

_____
Michael R. Potenza
Megan K. Bannigan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-7497

*Attorneys for Plaintiff Christopher Roule*


_____
David Pohl
POHL LLP
345 Seventh Avenue, 21st Floor
New York, New York  10001
(212) 202-1614

*Attorney for Defendants Keith Townsend Mitchell and Ketomi Company*

## EXHIBIT "A" TO CONFIDENTIALITY AGREEMENT

I hereby certify that I have read the CONFIDENTIALITY AGREEMENT entered into by the parties in the above-captioned litigation. I hereby agree to be bound by the terms of the CONFIDENTIALITY AGREEMENT and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the CONFIDENTIALITY AGREEMENT.

I hereby agree that I will hold in confidence and will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation. I also agree that to the extent I am employed by a direct business competitor of a party or its affiliates, I will also specifically not share the information provided to me to my employer.

_____          _____
(Signature)                                                   (Printed name)


_____          _____
(Street)                                                         (City, state, zip code)


_____          _____
(Telephone)                                                  (Date)